954 F.2d 725
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickie RUCKER, Defendant-Appellant.
 No. 91-5863.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Rickie Rucker, a pro se federal prisoner, appeals the district court's denial of her motion to suppress evidence obtained during a warrantless search of her car. Rucker was convicted after pleading guilty to one count of possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 2
 A grand jury indicted Rucker in September 1990 on the two counts described above. She had been arrested on August 15, 1990 after police officers, acting on a tip from an informant, observed her conducting transactions from a car and a drug-detection dog indicated the presence of drugs in the car. The officers' search of the areas indicated by the dog resulted in the discovery of a paper bag containing $2300 in cash and another paper bag containing cocaine powder and crack cocaine.
 
 
 3
 Rucker filed a motion to suppress this evidence on the ground that it was obtained by means of an illegal search in violation of the Fourth, Fifth, and Fourteenth Amendments. The United States filed a response and a supplemental response to this motion, arguing that the search was based upon probable cause and challenging Rucker's standing to object to the search. Two police officers testified at the suppression hearing, held on January 10, 1991. On February 22, 1991, the district court issued its findings of fact and conclusions of law and denied Rucker's motion to suppress. The district court concluded that the officers' observations, which corroborated the informant's information, combined with the reaction of the trained drug-detection dog, provided probable cause for the officers to conduct a warrantless search of Rucker's car.
 
 
 4
 Following this ruling, Rucker executed a conditional plea under Fed.R.Crim.P. 11, which reserved her right to appeal the denial of her motion to suppress. Judgment was entered on June 28, 1991. Rucker was sentenced to ten years imprisonment, pursuant to the plea agreement, five years supervised release, and a $100 special assessment.
 
 
 5
 On appeal, Rucker continues to argue that the search of the car and the seizure of the drugs were unconstitutional.
 
 
 6
 Upon review, we conclude that Rucker has no standing to challenge the search of the car in which the money and drugs were found because she did not exhibit a legitimate expectation of privacy in the car at the time of the search. See United States v. Knox, 839 F.2d 285, 293-94 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989). Even if Rucker did have standing to challenge the search, however, it is clear that under the totality of the circumstances the police officers had a reasonable, articulable suspicion for the investigatory stop and probable cause to search the car, rendering the warrantless search constitutional. See California v. Acevedo, 111 S.Ct. 1982, 1985-86 (1991); California v. Carney, 471 U.S. 386, 394-95 (1985); Terry v. Ohio, 392 U.S. 1, 16-19 (1968).
 
 
 7
 Accordingly, the district court's denial of the motion to suppress and Rucker's subsequent conviction are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.